[No. 12071. In Bank. — August 30, 1887.]

## GLORANE HITCHCOCK, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Estate of Decedent — Proceeding to Establish Heirship — Order Adjudging Default — Refusal to Open — Jurisdiction — Certiorari. — In a proceeding under section 1664 of the Code of Civil Procedure, for the purpose of ascertaining and declaring the rights of heirship of all persons in the estate of a decedent, in which an order is duly made by the court adjudging all persons who had not appeared therein to be in default, a subsequent order refusing to open the default at the instance of a person claiming to be an heir, who is a non-resident of and had never been in California, and who did not know of the proceeding until after the default, is within the jurisdiction of the court, and will not be disturbed on *certiorari*.

Application for a writ of review. The facts are stated in the opinion of the court.

*T. Z. Blakeman, Pringle & Hayne,* and *Broadhead & Haeussler,* for Petitioner.

*McAllister & Bergin,* and *W. H. H. Hart,* for Respondent.

McFARLAND, J. — This is a proceeding in *certiorari* to review an order of the respondent denying a motion of petitioner to open a default, and for leave to appear and answer, in certain proceedings pending in respondent's court, in the matter of the estate of Thomas H. Blythe, deceased.

After the expiration of one year from the issuing of letters of administration in said estate of Blythe, deceased, one Florence Blythe, proceeding under section 1664 of the Code of Civil Procedure, filed a petition for the purpose of ascertaining and declaring the rights of all persons to said estate. A notice was issued upon said petition in pursuance of said section, in which a large number of persons were named, but in which petitioner herein was not named. The notice was published in manner as required for the service of summons by publication, and on February 5, 1886, which was five days after the return day of the notice, the court made an order adjudging all persons (named or not named) who had not appeared to be in default. Thereafter, on February 25, 1886, said Florence Blythe filed her complaint as provided by said section 1664, alleging her sole heirship, but did not name petitioner herein in said complaint, or in any subsequent proceedings prior to the seventh day of September, 1886. Petitioner is not a resident of and has never been in the state of California, and did not know and had not heard of said proceedings prior to July 14, 1886. On September 7, 1886, she filed her motion in due form to open the default, and for leave to appear as an heir of said Blythe, deceased, and to answer the said complaint of said Florence Blythe, presenting at the same time her proposed answer,

duly verified with affidavit of merits, etc.   Her motion was denied February 15, 1887, and we are asked to annul, upon *certiorari*, the order denying this motion.

We are of opinion that the respondent had jurisdiction to make the order complained of, and that it cannot be disturbed on this proceeding.   But whether the proceeding in which the ruling complained of occurred will be conclusive against petitioner at the final distribution of the estate, or whether, having had no notice and not having been made a party, she does not come within the express exception of the final clause of said section 1664, which provides that "nothing in this section contained shall be construed to exclude the right upon final distribution of any estate to contest the question of heirship, title, or interest in the estate so distributed, where the same *shall not have been determined* under the provisions of this section," — these are questions which do not arise here.   The prayer of the petitioner is denied, and the writ dismissed.

THORNTON, J., SHARPSTEIN, J., TEMPLE, J., SEARLS, C. J., and PATERSON, J., concurred.

Rehearing denied.