[No. 15741.   Department One.—March 11, 1895.]
## J. W. RAGSDALE, RESPONDENT, v. F. G. NAGLE, APPELLANT.

SALE—GOODWILL OF BUSINESS—SEARCHER OF RECORDS—INJUNCTION.—
Where a searcher of records engaged in the business of abstracting transferred to others engaged in the same business the personal property used by him in his business, and the goodwill of the business, and covenanted that he would not carry on the business of searcher of records in the county so long as his transferees, or either of them, should carry on a like business therein, one of the transferees engaged in such business is entitled to an injunction to restrain a violation of the contract.

ID.—INCORPORATION OF BUSINESS.—Where it appears that one of the transferees of the property and goodwill of the business had, prior to the transfer, formed a corporation for the sole purpose of securing funds by placing the stock as collateral, and the entire business of the corporation was carried on by him as an owner and proprietor, without objection by the directors of the corporation, and with their knowledge and consent, the fact that the personal property received at the time of the transfer was turned over to the corporation does not establish that such transferee was out of business at that time, or authorize the vendor of the goodwill to violate his contract.

ID.—RESTRAINT OF TRADE—CONTRACT BEYOND SCOPE OF LAW.—Where a contract for the sale of a goodwill of a business, and to refrain from carrying on a similar business, goes beyond the scope of the law in certain particulars, it is nevertheless valid in all those particulars in which it falls within the provisions of the law.

ID.—CONSTRUCTION OF CODE—SALE OF GOODWILL—BUSINESS OF ABSTRACTING.—Section 1674 of the Civil Code, providing that one who sells the goodwill of a "business" may agree with the buyer to refrain from carrying on a similar "business," is broad enough to include the business of abstracting.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. T. Campbell, A. B. Ware*, and *Rutledge & Pressley*, for Appellant.

The agreement is void, because it goes beyond the scope of the law and undertakes to bind the seller not only that he will refrain from carrying on a similar

business, but "not to conduct or in any manner be engaged in, directly or indirectly, as owner, employee, or otherwise." (Civ. Code, secs. 1673, 1674; 2 Parsons on Contracts, bottom of page 258; *Wright* v. *Ryder*, 36 Cal. 342; 95 Am. Dec. 186; *Hall's Appeal*, 60 Pa. St. 458; 100 Am. Dec. 584; *Bowers* v. *Whittle*, 63 N. H. 147; 56 Am. Rep. 499; *Ross* v. *Sadgbeer*, 21 Wend. 166; *Angier* v. *Webber*, 14 Allen, 211; 92 Am. Rep. 753; 5 Lawson's Rights and Remedies, 4020; *Moore etc. Hardware Co.* v. *Towers Hardware Co.*, 87 Ala. 206; 13 Am. St. Rep. 23; *Barrick* v. *Gifford*, 27 Ohio St. 180; 21 Am. St. Rep. 798.) It is immaterial whether the goodwill was actually sold to the corporation or not, as the plaintiff ceased to carry on the business after the sale of the property to the corporation. (*Bell* v. *Ellis*, 33 Cal. 620; Story on Contracts, 550; Civ. Code, secs. 992, 993.) The contention that because the plaintiff was the owner of a number of shares in the corporation he was thereby enabled to and was carrying on the business by using the corporation as an instrument in his hands, is of no merit, as a corporation in the eye of the law is a person. (Civ. Code, sec. 383; *Gorham* v. *Gilson*, 28 Cal. 479; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Harkinson s Appeal*, 78 Pa. St. 196; 21 Am. Rep. 9; *McCormick* v. *Springfield*, 66 Cal. 361; *Clark* v. *San Francisco*, 53 Cal. 306; *Colton* v. *Stanford*, 82 Cal. 370; 16 Am. St. Rep. 137; *Button* v. *Hoffmann*, 61 Wis. 20; 50 Am. Rep. 131; *Baldwin* v. *Canfield*, 26 Minn. 43; *Moore etc. Hardware Co.* v. *Towers Hardware Co.*, *supra*.) Skill and ability are required in the work of a searcher, conveyancer, or abstracter, and therefore these terms are properly classed under the head of "trade" or "profession," and not the more general term "business." Laws in restraint of trade are to be strictly construed, and their terms will not be given greater latitude by construction. For these and other reasons the nonsuit should have been granted. (*Wright* v. *Ryder, supra; Hall's Appeal supra; Angier* v. *Webber, supra; Richards* v. *Kirkpatrick*, 53 Cal. 433; High on Injunctions, secs. 8–10.)

*J. A. Barham*, and *C. S. Farquar*, for Respondent.

The agreement, for the violation of which this action was brought, is clearly valid. (Civ. Code, sec. 1674; *Brown* v. *Kling*, 101 Cal. 295; *Baines* v. *Geary*, 35 L. R. Ch. 154; *Thompson* v. *Andrus*, 73 Mich. 551; *Finger* v. *Hahn*, 42 N. J. Eq. 606.) Even if this corporation had been carrying on the business, Ragsdale, as the owner of all the stock, would be entitled to an injunction to protect him against the competition of the defendant. Plaintiff would still be in business within the spirit of the contract. (*Beal* v. *Chase*, 31 Mich. 490; 2 High on Injunctions, secs. 1171, 1177.)

GAROUTTE, J.—This is an action to restrain the defendant from carrying on the business of searcher of records, or abstracter, in the county of Sonoma. An injunction as prayed for was issued by the trial court, and an appeal has been taken from the judgment and from the order denying a new trial.

The cause of action is based upon a certain contract entered into between plaintiff and one Brown upon the one side, and defendant Nagle upon the other. At the date of the contract both plaintiff and defendant were engaged in the business of abstracting in the county of Sonoma, and, in consideration of the sum of seven thousand dollars, Nagle transferred to Ragsdale and Brown the personal property then used by him in the business, also the goodwill; and he further covenanted that he would not carry on the business of searcher of records in Sonoma county, or the business of conveyancing in the city of Santa Rosa, so long as either Ragsdale or Brown should carry on a like business in said county. In accordance with the terms of his agreement defendant ceased business for the time being, but some months thereafter reentered the field, and was actively engaged in the abstract business at the time this action was begun. Defendant denies that he has violated the terms of his agreement, and justifies his acts upon the plea that neither plaintiff

Ragsdale nor Brown was engaged in the business when he entered the field the second time.   Upon this question it appears by the evidence that, prior to the contract with the defendant, plaintiff Ragsdale had transferred to a corporation known as the Sonoma County Abstract Bureau all the personal property used by him in the making of abstracts, and that subsequently to the contract with Nagle he transferred to this corporation all the personal property secured by him and Brown under said contract.   And, to put the matter more concisely, defendant claims that neither Ragsdale nor Brown was engaged in the business of abstracting at the time he re-entered therein, but that their business had passed to the said corporation, and, consequently, he was absolved from the covenants of the contract.

1. The court found that during these times plaintiff had continuously carried on the business of making abstracts, searching records, and conveyancing in Sonoma county, and this finding meets with our approval.   The evidence discloses that Ragsdale did business under the name of the Sonoma County Abstract Bureau prior to its incorporation, and that it was incorporated by him for the sole purpose of securing funds by placing the stock as collateral.   He subscribed for all the stock save forty shares, which passed to the other four directors without consideration, they being accommodation directors only; that during this time, and up to the date of the aforesaid contract with the defendant, plaintiff had full and entire charge of the business, hired, paid, and discharged employees, appropriated the receipts, accounted to nobody, did not consult the directors, and in every way carried on the business as an owner and proprietor.   This was all done, not only without objection by the directors of the corporation, but with their knowledge and consent.   As far as conducting the business was concerned, the corporation was entirely passive, and, judged by the evidence, it certainly was a matter

in which it manifested no interest. The corporation was created, and the title to the property used in the abstract business was vested in it, for a certain purpose, to wit, the raising of money. It served the purpose of its creation, and, having done so, appears to have been entirely satisfied. Such was the condition of things at the date of the contract, and they so remained. The business was conducted the same after the making of this contract as it was before. If Ragsdale was out of the business at any time thereafter, he was out of the business at the time he entered into the contract; yet such cannot be the case, and counsel for defendant do not claim it. It is claimed that Ragsdale went out of business when he transferred the personal property obtained from Nagle to the corporation; but such a result does not follow. The location of the legal title to this property in some particular person or corporation in no way casts light upon the question at issue. That fact in no way determines who is carrying on the business of abstracting by the use of that property. The title to the property may be in one person, and the business of abstracting with it in another.

2. It is claimed that the contract is void because it goes beyond the scope of the law in certain particulars. For present purposes only, let us concede that the contract is broader in certain respects than the law; still, it is entirely valid in all those particulars in which it comes within the provisions of the law. (*Brown* v. *Kling*, 101 Cal. 295; *City Carpet etc. Works* v. *Jones*, 102 Cal. 506.)

3. Section 1674 of the Civil Code says that one who sells the goodwill of a " business" may agree with the buyer to refrain from carrying on a similar " business." It is now claimed that abstracting is not a business, but a profession or trade, and that, therefore, the provisions of the code do not apply to the present case. It is sufficient to say the section is broad enough to bring the present case within its scope. As to the meaning of the

word "business" see 2 American and English Encyclopedia of Law, page 699.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.