[Civ. No. 3850. First Appellate District, Division Two.—November 26, 1921.]

## MAY R. MINAKER, Appellant, v. LEMUEL P. ADAMS et al., Members of the Board of Medical Examiners, etc., Respondents.

[1] MEDICAL LAW — REVOCATION OF LICENSE — UNPROFESSIONAL CON-DUCT — HEARSAY EVIDENCE — CERTIORARI — ORDER WHEN NOT REV-OCABLE.—An order of the state board of medical examiners re-voking a license to practice medicine for unprofessional conduct in performing an abortion upon a pregnant woman will not be annulled on *certiorari* on the ground that the board received some evidence as to the pregnancy which was inadmissible under the "hearsay evidence" rule, where there was abundant proper evidence of the existence of such condition.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank J. Hennessy for Petitioner.

Harry A. Encell and Frank M. Smith for Respondents.

LANGDON, P. J.—This is an appeal from a judgment of the superior court dismissing a writ of review and affirming all the proceedings of the board of medical examiners of the state of California in revoking appellant's license to practice medicine and surgery in the state of California.

The action of the medical board was taken after a hearing duly and regularly had upon a complaint charging appellant "with having been guilty of unprofessional conduct under the 1st subdivision of section 14 of the Medical Practice Act of the state of California [Stats. 1917, p. 93], by . . . pro-curing, aiding and abetting and attempting, agreeing and offering to procure a criminal abortion upon a pregnant woman . . . on or about the 28th day of May, 1919, in the city and county of San Francisco, State of California."

Appellant's contention is that the medical board received at the hearing considerable hearsay testimony and other

evidence not admissible. Reliance is placed upon the case
of *Thrasher* v. *Board of Medical Examiners*, 44 Cal. App.
26 [185 Pac. 1006], because of its holding that hearsay evi-
dence is inadmissible in a proceeding such as this one. In
the last-mentioned case, the appellate court annulled an
order of the medical board revoking a license to practice
medicine, which order was based solely upon improperly ad-
mitted evidence as to one essential element of the charge.
That case involved the same charge as the instant case, and
the opinion filed therein states that there was no sufficient
evidence in the record before the board of medical exam-
iners upon an essential feature of the charge, i. e., the preg-
nancy of the woman upon whom the illegal operation was
alleged to have been performed, and that the only evidence
upon that question was evidence which should have been
excluded under the "hearsay evidence" rule.

It is contended by the appellant here that because the
medical board received some evidence upon the question of
the pregnancy of the deceased, which evidence was inad-
missible under the holding of the Thrasher case, *supra*, that
its order revoking appellant's license should be annulled.

The only function of the writ of review in this case was
to determine whether the board exceeded its jurisdiction,
and the sole question reviewable by the superior court upon
the proceedings before it and by this court upon this ap-
peal is whether the medical board exceeded its jurisdiction
in making the order complained of. (*White* v. *Superior
Court*, 110 Cal. 60 [42 Pac. 480]; *Los Angeles* v. *Young*,
118 Cal. 295 [62 Am. St. Rep. 234, 50 Pac. 534]; *Hitchcock*
v. *Superior Court*, 73 Cal. 295 [14 Pac. 872]; *Karry* v. *Su-
perior Court*, 162 Cal. 281 [122 Pac. 475, 128 Pac. 760];
*Fickert* v. *Zemansky*, 176 Cal. 443 [168 Pac. 891]; *Camm* v.
*Justice's Court*, 35 Cal. App. 293 [170 Pac. 409].) Re-
spondents do not question the right of this court to
review the evidence to ascertain whether there is in the
record any legal evidence to sustain the findings of the
board, and this is not a case presenting the exception sug-
gested in the case of *Lanterman* v. *Anderson*, 36 Cal. App.
472 [172 Pac. 625], where the record of the proceedings
before the board shows an entire absence of proper evidence,
amounting in effect to a want of jurisdiction in the board
to make the order. On the contrary, conceding the fullest

possible force and effect to the language of the Thrasher decision, and the consequent inadmissibility of some of the evidence received by the board in the instant case upon the question of the pregnancy of the deceased at the time of her treatment by the appellant, there is, nevertheless, abundant proper evidence in the record that this condition existed.

This is to be found in the testimony of Dr. John R. Clark, autopsy surgeon in the coroner's office for the city and county of San Francisco, and in the testimony of Dr. Janus, who examined deceased when she was brought to St. Joseph's Hospital in a precarious condition. Dr. Clark testified that he had performed an autopsy upon the body of deceased on May 29, 1919. After a recital of the symptoms of peritoneal infection which his examination revealed, the doctor stated "that he found that the uterus and appendages and the upper portion of the vagina had been removed. It didn't have the appearance of being the result of a typical surgical operation; these organs had been taken out evidently in a hasty, unskillful manner,—that is, they had been slashed out and partly torn out; no sutures were employed; no suture material was found. There was also a ragged perforation or slit in the bowel in the upper portion of the rectum, the large intestine or sigmoid."

A detective connected with the police department of San Francisco testified that he had called upon Dr. Minaker at her office with relation to this case and that the doctor had handed him a specimen which was proven by other evidence to have been the uterus, tubes, and an ovary from the body of deceased, and that the doctor had told him that she thought this specimen was a tumor and that it had been passed by deceased in the doctor's office while deceased was upon the operating-table for an examination, and without anything having been done by the doctor. This specimen was brought from Dr. Minaker's office by the detective to Dr. Janus, at St. Joseph's Hospital, where Dr. Minaker had caused the deceased to be sent after her collapse. Dr. Janus testified before the medical board and stated in detail the condition of deceased at the time she was brought to the hospital; that the specimen from Dr. Minaker had been handed to him and that he had examined it and had found that it consisted of uterus, tubes, ovary, and part of the vaginal wall. He stated positively that the uterus was a

pregnant uterus. This specimen was later sent to Dr. Clark at the morgue, after he had performed an autopsy upon deceased; he examined it and stated before the board that the uterus "contained foetal products; that foetal products—that is, it contained a portion of the placental tissue." There was some other evidence properly admitted relevant upon this question, and it all stands uncontradicted in the record, for the appellant, although served with citation and a copy of the complaint, did not appear either in person or by counsel at the hearing.

[1] The above-quoted testimony eliminates any question that might arise were there an entire absence of legal evidence in the record, as in the Thrasher case, and it conclusively establishes the jurisdiction of the board to make the order complained of. Under such circumstances, any irregularity in the method of procedure in the matter of the admission of improper evidence will not be reviewed upon a writ of review. (*Lanterman* v. *Anderson,* 36 Cal. App. 472 [172 Pac. 625] ; *Jordan* v. *Alderson,* 48 Cal. App. 547 [192 Pac. 170].)

The judgment appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.