[Civ. No. 5309. Second Appellate District, Division One.—July 3, 1928.]

FRANK P. YOUNG, Appellant, v. BOARD OF MEDICAL EXAMINERS et al., Respondents.

L. E. Dadmun for Appellant.

A. B. Bianchi for Respondents.

HOUSER, J.—This appeal is prosecuted from a judgment rendered in favor of respondent Board of Medical Examiners in a *certiorari* proceeding instituted for the purpose of reviewing and annulling an order made by said board whereby the license of appellant to practice medicine and surgery in the state of California was revoked.

The first point advanced by appellant as a reason why the judgment of the lower court should be reversed is that the complaint on which appellant was tried before the respondent board did not state facts sufficient to constitute a violation of the so-called Medical Act (Stats. 1913, p. 722, and amendments thereto). It is urged by appellant that, whereas the charge against him in substance was that he was guilty of unprofessional conduct in that "he did use and employ advertising of medical business intended, and having a tendency, to deceive the public and impose upon credulous and ignorant persons in a manner harmful and injurious to public morals and safety"—as a matter of fact, as shown by the evidence, if appellant was at all guilty of the specific acts set forth in the complaint, such conduct did not constitute a violation of the provisions of the Medical Act in question. With reference thereto, appellant directs particular attention, first, to the language of the act which inhibits "all advertising of medical business. . . . " (Subd. 3, sec. 14, Stats. 1913, p. 722.) Secondly, appellant adverts to the evidence adduced before the respondent board on a hearing of the charge, which in substance was to the effect that appellant was engaged in the false and fraudulent business of selling medical diplomas and other credentials from a medical college, proposed to be used by the purchaser thereof in obtaining for his use a necessary certificate or license to enable him to practice medicine and surgery in this state. More particularly, it is contended by appellant that the act, by whatever means of falsely and fraudulently furnishing to any person a spurious medical diploma for the purpose of enabling him to obtain a license to practice medi-

cine, did not amount to "advertising of medical business," and consequently did not come within the purview of the statute.

That the means and method employed by appellant in procuring purchasers of spurious medical diplomas constituted "advertising" appears to be conceded; which leaves for determination the element of whether such practice was part of a "medical business."

While the occupation of a physician more commonly is referred to as a profession, nevertheless it may properly be included within the broader word of "business." (*Earle* v. *Commonwealth*, 180 Mass. 579 [91 Am. St. Rep. 326, 57 L. R. A. 292, 63 N. E. 10] ; *Semple* v. *Schwarz*, 130 Mo. App. 65 [109 S. W. 633].)

The evidence introduced at the hearing of the charge against the appellant disclosed the fact that he conducted a medical college and that the diplomas which were issued therefrom fraudulently purported to be in recognition of faithful and conscientious work and study for the prescribed period in such college by the person to whom such diploma or certificate of graduation therefrom was issued. It is apparent that the proper conduct of a medical college necessarily would deal with the physicians' art, or what might be termed the "medical business"; and the issuance of a diploma from such college would be but incidental to such business. Such an act could not be said to be a part or parcel of any other occupation, profession or business; to the contrary, it related to and formed a part of the "medical business" only. That, as shown by the evidence, the acts and conduct of appellant, of which complaint is made, necessarily had a tendency to impose upon credulous and ignorant persons and be harmful and injurious to public morals and safety, is so apparent that the fact may be neither dispelled nor in any wise affected by argument or other form of disputation. This court is therefore unable to agree with appellant in the point presented by him.

■ It is also urged by appellant that his guilt was determined on hearsay and incompetent evidence alone. While it is undoubtedly true that much of the evidence to which appellant refers was properly open to the objection that it was hearsay, it is equally satisfactorily shown that considerable additional evidence, not subject to such or any other

legal infirmity, was presented to the respondent board on a hearing of the charge—in fact, so much is admitted by appellant. However, it is claimed that none of such competent evidence was sufficient to sustain the action of the respondent board in revoking the license of appellant. It would serve no useful purpose to set forth herein the facts upon which the respondent relies as sufficient to support the conclusion that appellant committed the acts particularly described in the accusation against appellant. It may be sufficient to say that, after an examination of the record herein, this court is of the opinion that the evidence adduced before the respondent board was ample in quantity and quality to justify the order of which complaint is made. In such circumstances, the rule which is applicable is to the effect that on an appeal from an order made in a *certiorari* proceeding to review an order of the nature of that here under consideration, made by the Board of Medical Examiners, even though it appears that much of the evidence introduced on the hearing before the board was hearsay and incompetent, if it also satisfactorily appear that other competent evidence was introduced sufficient in itself to support the order in question, this court is powerless to interfere—with the result that the order of which complaint is made must be affirmed. It is so held in *Minaker* v. *Adams*, 55 Cal. App. 374 [203 Pac. 806], and cases there cited.

The judgment is affirmed.

Conrey, P. J., concurred.

York, J., deeming himself disqualified, did not participate in the foregoing decision.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1928.

All the Justices present concurred.