[L. A. No. 9968. In Bank.—September 18, 1929.]

JOY MANUFACTURING COMPANY (a Corporation), Respondent, v. JULIAN PETROLEUM CORPORATION (a Corporation), Appellant.

Anderson & Anderson, A. G. Ritter, McAdoo, Neblett & O'Connor and J. Hart Willis for Appellant.

Gibson, Dunn & Crutcher and H. F. Prince for Respondent.

· LANGDON, J.—This appeal is by the defendant from a judgment against it in the sum of $101,150 as damages for the breach of a contract for the purchase by the defendant of certain oil pumps, known as Joy pumps, from the plaintiff and respondent.

The contract involved provides that for the first 100 pumps to be delivered under the contract appellant should pay at the rate of $240 per pump, and for the second 100

pumps the appellant should pay at the rate of $220 per pump. The first 200 pumps were delivered and paid for and are not involved in this action. The contract provides that all pumps delivered in excess of the first 200 should be paid for at the rate of $210 per pump. It is further provided that the price set is ''made subject to revision at the end of each six months' period in order that the price may at that time be adjusted to meet market conditions on deliveries following revision of price, it being the purpose of this contract to allow a net profit to the second party (plaintiff herein) of fifty dollars per pump.''

The contract also contained a provision that if the plaintiff did not make prompt deliveries the defendant might manufacture, in plaintiff's plant, at its own expense, Joy pumps, in which event defendant should pay plaintiff a royalty of $50 per pump for every pump so manufactured. There is also a provision which recites that if the plaintiff sells pumps on a wholesale basis for installation in southern California, the price shall exceed the price ''for the current period'' to the defendant by at least $50.

■ One of the points made upon appeal has relation to the finding of the trial court ''that as a result of the breach of the terms of said agreement by said defendant, said plaintiff . . . has been damaged in the sum of $50 a pump for all pumps provided for in said agreement to be delivered by plaintiff to defendant and to be paid for by said defendant, which were not delivered by plaintiff solely because of the refusal of said defendant to comply with the terms of said agreement and the breach of said agreement by said defendant.'' It is further found ''that on account of said failure, plaintiff . . . has been damaged in the sum of $50 a pump for each of said 2002 pumps, making a total of $100,100, in addition to the damage in the sum of $1,050 which plaintiff has suffered because of the refusal of defendant to make the payment provided for in the modification agreement for the month of March, 1925.''

The appellant admits that 2,002 pumps were undelivered because of its refusal to accept the same and the only question with reference to damages is whether the plaintiff should recover at the rate of $50 per pump for each of these pumps. No evidence was offered upon the question of cost of production, profits, etc., and unless the contract

is susceptible of the construction that a price adjustment was to be made at stated periods which could and would guarantee a profit of $50 a pump to plaintiff, the findings with reference to damages are not sustained by the record. As stated by appellant, ''the trial judge broadly interpreted the contract in question as in and of itself fixing a minimum measure of damages for its breach at $50 per pump bought of the respondent corporation, not, from his viewpoint, as liquidated damages, but as a fixed profit to be realized according to the expressed 'purpose of this contract' under the prices fixed in the contract, or under the prices to be mutually fixed by each six months' revision of prices provided for in paragraph 5.''

The construction placed upon the contract by the trial judge seems not only a permissible one to us, but it seems the only construction which could be placed, fairly, upon its terms, and this conclusion disposes of several of the arguments made upon appeal.

■ It is contended, under many subheadings assigning reasons for the contention, that the contract sued upon is invalid upon its face. It is contended that certain provisions of the contract are invalid because violative of section 1674 of the Civil Code, and that certain provisions thereof violate the so-called Cartwright Act (Stats. 1907, p. 984), and the federal anti-trust acts [15 U. S. C. A., sec. 1 et seq.). It is unnecessary for us to decide these points because the asserted invalid provisions have no bearing upon the recovery sought here, and no necessary connection with the provisions of the contract relied upon in this action which is for breach of the condition to receive and pay for certain specified pumps. If the provisions relied upon by defendant and appellant be invalid, they are clearly severable from the remainder of the contract.

In the case of *Ragsdale* v. *Nagle*, 106 Cal. 332 [39 Pac. 628, 630], it was claimed that a contract was invalid, as violative of sections 1673, 1674 and 1675 of the Civil Code. The court said: ''It is claimed that the contract is void because it goes beyond the scope of the law in certain particulars. For present purposes only, let us concede that the contract is broader in certain respects than the law, still, it is entirely valid in all those particulars in which it comes within the provisions of the law. (*Brown* v. *Kling*,

101 Cal. 295 [35 Pac. 995]; *City Carpet etc. Works* v. *Jones*, 102 Cal. 506 [36 Pac. 841].)''

This rule of law applied to the contract in question upon this appeal disposes of the second group of objections made by appellant, and it is unnecessary to discuss them.

The judgment appealed from is affirmed.

Shenk, J., Preston, J., Seawell, J., Curtis, J., Richards, J., and Waste, C. J., concurred.