[Civ. No. 5159. Third Appellate District.—June 22, 1934.]

WILLIAM L. CRUTCHETT, Respondent, v. F. B. LAWTON, Appellant.

Ray Manwell and Homer Lingenfelter for Appellant.

Rich, Weis & Carlin for Respondent.

PULLEN, P. J.—This is an action restraining defendant from practicing medicine and surgery in the counties of Sutter and Yuba. An injunction as prayed for was issued

by the trial court, and an appeal therefrom brings the matter before us for consideration.

The cause of action is based upon a contract entered into between Dr. F. B. Lawton and Dr. William L. Crutchett, wherein for a valuable consideration, Dr. Lawton, the appellant herein, sold to Dr. Crutchett, the respondent, all of his office equipment, medical business and fixtures, including the goodwill of the business, and further covenanted and agreed that he would not, for a period of five years immediately following the execution of the agreement, open offices within the counties of Sutter or Yuba, for general or special practice of medicine or surgery. For over a year appellant ceased to practice his profession in the counties named, and thereupon he again opened an office in the city of Marysville, county of Sutter, for the practice of medicine and surgery, and was so doing at the time of the filing of the complaint.

At the hearing appellant admitted all of the allegations of the complaint, but claimed and now claims the covenant above mentioned was and is void under section 1673 of the Civil Code. Section 1673 and section 1674 of the Civil Code, which pertains to contracts in restraint of trade, read as follows:

"Section 1673. Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by the next two sections, is to that extent void.

"Section 1674. One who sells a good-will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the good-will from him, carried on a like business therein."

It is conceded by appellant that the word "business" in its general sense is broad enough to include any activity for profit or gain, that engages one's time and therefore would include a profession, but claims that the legislature in stating the rule in section 1673 of the Civil Code referred to "profession, trade or business", whereas the exception as set forth in section 1674 deliberately limited its effect solely to "business". However, the Supreme Court in the case of *Ragsdale* v. *Nagle*, 106 Cal. 332 [39 Pac. 628], had this question before it, and there held adversely to appel-

lant's contention. In that case both Ragsdale and Nagle were engaged in the conveyancing and the abstracting of titles in the county of Sonoma, and for a valuable consideration Nagle transferred to Ragsdale the personal property used by him in his business, together with the goodwill thereof, and covenanted that he would not carry on the business of searcher of records in Sonoma County nor the business of conveyancing in the city of Santa Rosa as long as Ragsdale should carry on a like business in said county. The trial court found in favor of plaintiff, and the defendant on appeal argued, as does appellant here, that the legislature was, in the section above quoted, distinguishing between business and profession.

Counsel in their brief presented the question in the following language, which we quote in order that it may be seen that the issue was directly presented to the Supreme Court upon appeal:

"Section 1673 of the Civil Code says that every contract by which one is restrained from exercising a 'lawful profession, trade or business' otherwise than is provided in section 1674 is to that extent void. Now section 1674 says that one who sells the good will of 'a business' may agree with the buyer 'to refrain from carrying on a similar business', but it does not say that one who sells the good will of a lawful 'profession' or 'trade' may agree with the buyer to refrain from carrying on a 'profession' or 'trade'. The law has drawn a distinction between 'business' and 'profession' or 'trade'. The work of a searcher, abstracter or conveyancer is a profession or trade and not a business. The evidence in this case clearly shows that skill and ability are required in the work of a searcher, conveyancer or abstracter, and therefore these terms are properly classed under the head of 'trade' or 'profession' and not the more general term 'business'. Laws in restraint of trade are to be strictly construed, and their terms will not be given greater latitude by construction." (California Supreme Court Records, vol. 2307, p. 193.)

In answering this argument, the court, through Mr. Justice Garoutte, said:

"Section 1674 of the Civil Code says that one who sells the good-will of a 'business' may agree with the buyer to refrain from carrying on a similar 'business'. It is now

claimed that abstracting is not a business, but a profession or trade, and that, therefore, the provisions of the code do not apply to the present case. It is sufficient to say the section is broad enough to bring the present case within its scope. As to the meaning of the word 'business' see 2 American and English Encyclopedia of Law, page 699.'' (*Ragsdale* v. *Nagle, supra.*)

Upon the authority thereof the orders are affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1934.