### JONES *et al. v.* LOVE *et al.*

The liability of a witness to either party, in case of a certain result of the suit, must be legal, and not moral, and the consequent interest present, certain, and vested, in order to exclude the witness.

Where a party is called as a witness by the other side, and, on his cross-examination, testifies to new matter, his opponent may be called on his own behalf, in rebuttal of this new matter.

When the deposition of a witness is taken, objections to his competency must be taken at the time, and not reserved till the trial, or they will be deemed waived.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

The facts of this case appear in the opinion of the Court.

*C. A. Tuttle and Jos. A. Nunes* for Appellants.

The witness L. D. Paige was incompetent, on the ground of interest.

Practice Act, § 393; Jones *v.* Post et al., 4 Cal., 14; Griffin *v.* Alsop & Co., ib., 406; Shaw *v.* Davis, 5 Cal., 466; Palmer *v.* Tripp's Administrator, 6 Cal., 82; Finn *v.* Vallejo Street Wharf, 7 Cal., Jan. T., 1857; McCauley *v.* The York Mining Company, 6 Cal., 80.

Where the event of a suit will render the witness liable, either to a third person or to the party himself, he is incompetent. 1 Green. Ev., § 393.

Paige's declaration to Jones and his other vendees, amounts to a warranty, as to the extent and dimensions of the claim.

Chitty on Con., 394, and notes 1 to 8, American ed.; 1 Green. Ev., 397, 398; Roberts *v.* Morgan, 2 Cohen, 438; Chapman *v.* Murch, 19 John., 290; Cook *v.* Mosely, 13 Wend., 277; Osgood *v.* Lewis, 2 Har. & Gil., 495; Morrill *v.* Wallace, 9 N. H., 111; Beeman *v.* Buck, 3 Ver., 53; Moon *v.* McKinley, 5 Cal., 471.

Taking depositions is in derogation of the common law, and every requirement of the statutes must be complied with.

Dwinelle *v.* Holland, Abb. Prac., 57; Bradstreet *v.* Baldwin, 11 Mass., 329; Fleming *v.* Hollenbeck, 7 Barb., 271; McCann *v.* Beach, 2 Cal., 25; Dye *v.* Bailey, ib., 383; Williams *v.* Chadbourne, 6 Cal., 559.

It is not a legal or valid assumption that the defendants, by their appearance and cross-examination of the witnesses, waived any exceptions to which they were entitled, under the statute.

Jackson v. Kent, 7 Cohen, 59; Ocean In. Co. v. Francis, 2 Wend., 65; Whitwell v. Barbier, 7 Cal., Jan. T., 1857; Gray v. Hawes et al., 8 Cal., Oct. T., 1857; Leidesheimer v. Brown, ib., Oct. T., 1857.

There was a notice for the examination of Dick Marley, but none for the examination of J. D. Marley. If, on notice to examine one witness, another may be substituted, the purpose of a cross-examination may be entirely defeated, and the adverse party taken by surprise. Robinson v. Campbell, 1 Overton, 296; Brefogle v. Beckley, 16 Sergt. & R., 264.

*J. E. Hale* for Respondent.

Paige was a competent witness; his interest was uncertain, indirect, and conditional. 1 Green. Ev., §§ 390, 394, 397; Practice Act, § 393.

All grounds for objection by appellants disappeared, when defendants appeared and exercised the right of cross-examination. This was a waiver of the objection of notice. McLeran v. Shartzer, 5 Cal., 70.

The statute does not require the name of the witness to be stated in the notice. Practice Act, 429.

There is no force in the objection of appellants, that the notice set forth the name of Dick Marley instead of J. D. Marley. People v. Lockwood, Cal. R., 1855; Clarkson Dye v. Bailey, 2 Cal., 383; 1 Green. Ev., 421.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

This was an action to recover possession of certain mining-claims, and for damages. The plaintiffs had judgment, and the defendants appealed.

1. The first error assigned by defendants is, the Court erred in refusing to strike out the testimony of L. D. Paige. This witness gave testimony material to the issue. He was one of the original locators of plaintiffs' claims, which consisted of nine claims, each one hundred feet square. The witness said : " I sold out one claim to Jones, and one to Mears, and one and a half to Marley. I only sold my right, title, and interest, and that the boundaries were correct as I sold. I made a bill of sale in writing, to all I sold. I don't think I warranted the boundaries in the bill, but merely showed the boundaries, and told them if they turned out not to be correct, I would make them right, and I still feel bound to do so." The objection was upon the ground of interest. There was an issue between plaintiffs and defendants, as to the boundaries of the plaintiffs' claims. The

parol promise of the witness, that he would make good the boundaries of the claims, as represented by him, was no part of the contract; and he was not legally interested in the event of the suit. Had the suit failed, he could not have been made liable. The liability must be legal, not moral; and the consequent interest present, certain, and vested. (Code, §§ 392, 393.)

2. The second error assigned is, that the Court erred in allowing F. B. Fuller, one of the plaintiffs, to be examined as a witness. On the trial, the plaintiffs called and examined S. C. Woods, one of the defendants, for the *sole* purpose of proving the amount of gold taken by defendants from the ground in dispute. Upon cross-examination by the defendants, this witness proved the boundaries of the claims of plaintiffs, and certain admissions of two of the plaintiffs, whose names were not mentioned. The plaintiffs then offered the witness Fuller, in rebuttal of this *new* matter.

There was no error, it would seem, in this action of the Court. The testimony of Woods, upon his cross-examination, was to *new* matter, and not as to matter that would discharge, when his answer would charge, himself. His answers, during his examination-in-chief, if taken by themselves, would not charge him. He simply stated the amount of gold extracted by defendants, from the disputed mine. This, *of itself*, fixed upon him no liability. By his testimony, he did not concede the liability of the defendants, at all. · His testimony went only to the *amount*, and not to the *right*, of property. When a party testifies that he executed and delivered the promissory note described, he charges himself, and may show that he has since paid the note. The testimony of Woods, given on cross-examination, being *new* matter, the plaintiffs had the right to offer themselves, or any one of them, as witnesses, in rebuttal. (Code, § 421.)

3. The third and last error assigned is, that the Court below erred in admitting the separate depositions of R. F. and J. D. Marley.

One of the objections goes to both the depositions. The notice was not sufficient by one day; but the defendants appeared before the officer taking the depositions, and after entering their objections because the notice was too short, they proceeded to cross-examine the deponents. This, we think, was a waiver of the objection. The object of the notice was to give the defendants an opportunity to appear and cross-examine. This they did. They were not bound to do so; but having appeared and cross-examined the witness, it was too late afterwards to make the objection. A party cannot fish for testimony, and then afterwards object for want of notice. He must take a consistent stand, one way or the other.

The separate objection to the deposition of J. D. Marley is, that he was described in the notice as Dick Marley. This ob-

jection was obviated by the testimony of Marley, that he was as well known by that as by his proper name.

The separate objection to the introduction of the deposition of R. F. Marley was predicated upon the ground of interest. This witness was one of the first locators of the claims of plaintiffs, and had sold his interest to some of the plaintiffs, guarantying the title and boundaries, by written bills of sale. This was shown upon his cross-examination. No objection was taken to the testimony of the witness upon his examination or cross-examination, on this ground, and no objection appeared upon the face of the deposition. The fact of interest there appeared, but no statement that defendants would object to the testimony on the trial, for that cause.

It was too late to make the objection upon the trial, after defendants had appeared and cross-examined the witness. Such an objection must be taken at the earliest moment. The depositions of witnesses are only allowed in certain cases. If a party could be permitted to reserve his objection as to the interest of the witness until the trial, and then, for the first time, urge it, he could entirely defeat the right of the party to execute a release, and thus restore the competency of the witness. The testimony of the witness, to be received, must be given after his interest is removed. If the objection could be reserved until the trial, the party taking the deposition, in many cases, would have no power to obtain the benefit of the testimony. The party opposed has the right to waive any objection to the interest of the witness; and if he does not intend to do so, he should make known his intention at the earliest practicable moment. (1 Greenleaf on Evidence, § 421, and authorities there cited.)