Chauncey P. Williams, Appellant, *v.* William, J. Weaver et al., Respondents.

Assessors, having jurisdiction both of the person taxed and of the subject matter, are not individually liable for an erroneous assessment; at least where they act in good faith: to establish a personal liability it must be made to appear that they acted without jurisdiction.

The provision of the national banking act (U. S. R. S., § 5219), providing that the taxation of shares of stock of national banks "shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens," requires that no greater percentage of tax on the valuation of shares shall be levied; it does not apply to an over valuation.

The fact that, in making up their assessment roll, the assessors place the valuation of bank shares in a separate item in the column in which personal property is placed, does not invalidate the assessment; this is a substantial compliance with the provision of said act (§ 5219), which authorizes such shares to be "included in the valuation of the personal property" of the owner, and with the provision of the State statute (§ 1, chap. 761, Laws of 1866), requiring this to be done.

The provision of the State statute, requiring such shares to be assessed in the town or ward where the bank is located, is valid. This species of property may be separated from the person of the owner and a *situs* given it for the purpose of taxation.

Under the act of Congress, shares of the stock of national banks may be taxed, irrespective of the fact that the capital of the bank is invested in United States securities.

The assessment of bank shares is not subject to a deduction for the debts of the owner, and a refusal to allow such deduction is not a violation of said provision of the act of Congress as to the rate of taxation.

(Argued June 10, 1878; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action is brought by plaintiff, who is the president of the National Albany Exchange Bank, to recover against the defendants, who were assessors of the city of Albany, damages alleged to have been sustained by him, personally and as asignce of other stockholders in above named bank, for what the plaintiff alleged was an unlawful levy by the collector of the city of Albany upon moneys belonging to the plaintiff and his assignors, for the purpose of collecting the amount of a tax upon plaintiff's and his assignors' shares of stock in the above mentioned bank, the plaintiff claiming that the assessment, as made by the asssessors, was illegal.

The referee found, in substance, among other things, that defendants, during the year 1874, constituted the board of assessors of the city of Albany. As such, they certified the assessment rolls for the sixth ward of said city, including the assessments of plaintiff and other shareholders of said bank. The capital of the bank was all invested in United States bonds; its shares were all assessed at their par value, less a deduction of ten per cent, the assessed value of its real estate, and were assessed to the shareholders in the sixth ward, without reference to their actual residence. Defendants assessed the holders of all the shares of stock of the several banks in said city in the same way, without inquiring or endeavoring to ascertain the market value of said shares. The actual value of plaintiff's shares were $130; par value, $100. The market value of the shares of one bank specified was $300, its shares were assessed at par value the same as plaintiff's. There were a large number of corporations, other than banks, in the city of Albany, none of the shareholders, in which were assessed on their shares. The real estate in said city was assessed at about forty or fifty per cent of its actual value. In other places in the State bank shares, which were worth more than par, were assessed

at from twenty-five to fifty per cent of their par value, and the personal property in the State was assessed at unequal rates, ranging from one-third to four-fifths of its actual value. Defendants did not make inquiry as to the rates at which moneyed capital in the State outside of Albany was assessed.

*Matthew Hale,* for appellant. The assessors violated the law in assessing the bank stock at its par value, without reference to its actual value. (*People* v. *Assessors,* 2 Hun, 583; *People* v. *Comrs.,* 67 N. Y., 516; *Hepburn* v. *School Directors,* 23 Wall., 480.) If the assessors acted without jurisdiction of the person or of the property owned their action was void and they are liable for the damages resulting therefrom. (*Nat. Bk. of Chemung* v. *City of Elmira,* 53 N. Y., 49, 59; *Mygatt* v. *Washburn,* 15 id., 316; *McCulloch* v. *Maryland,* 4 Wheat., 426; *Osborne* v. *Bk. of U. S.,* 9 id., 738; *Weston* v. *City Charleston,* 2 Peters, 449; *Bk. of Commerce* v. *N. Y.,* 2 Black., 628; *Bank Tax Case,* 2 Wall., 200; *Van Allen* v. *Assessors,* 3 id., 573; 13 U. S. Stat. at Large, 112, § 41; NELSON, Justice, opinion, 3 Wall., 581; CHASE, C. J., opinion, id., 588; R. S. of U. S., 1015, § 5219; 53 N. Y., 59; WAITE, C. J., 23 Wall., 484; *Providence Institution* v. *Boston,* 101 Mass., 578, p. 585; *Adams* v. *Nashville,* 95 U. S. [5 Otto], 22; 101 Mass., 585; 4 Wall., 244.) The assessment was illegal because made by a special and separate list, and because the value of the shares was not included in the valuation of the personal property of the owner or holder of such shares in assessing taxes imposed by authority of the State within which the bank was located. (U. S. R. S., 1015, § 5919; id., § 5219; 13 U. S. at Large, 111; 15 id., 34; 2 Laws of 1866, chap. 761, p. 1647, § 1; id., 1648, § 3; id., 1649, § 6; Laws of 1850, chap. 86, 126, § 6, sub. 4.) Plaintiff's only remedy was by action. (*People ex rel Williams* v. *Assrs.,* 2 Hun, 583.) The acts of defendants being illegal and without jurisdiction plaintiff was entitled to recover damages resulting therefrom. (Add. on Torts, 1; Hil. on Torts, 94; *Mygatt* v. *Washburn,* 15

New York Reports, 316; *Rigby* v. *Hewitt*, 5 Exch., 243.)

*Rufus W. Peckham*, for respondents. The assessment of the shares of stock belonging to plaintiff was valid. (*People* v. *Comrs.*, *etc.*, 4 Wall., 244; *People* v. *Dolan*, 36 N. Y., 59; *Adams* v. *Nashville*, 95 U. S., 19–21; *People* v. *Comrs.*, *etc.*, 35 N. Y., 423, 431.) The act of the assessors was judicial in its character and even if erroneous no liability attached to them on account of it. (*Barhyte* v. *Shepperd*, 35 N. Y., 238; *Swift* v. *City of Poughkeepsie*, 37 id., 511; *R. R. Co.* v. *Suprs. of Erie*, 48 id., 93; *Clark* v. *Norton*, 49 id., 243; *Nat. Bk. of Chemung* v. *City of Elmira*, 53 id., 49; *Dorwin* v. *Strickland*, 57 id., 493; *Youmans* v. *Simmons*, 7 Hun, 466.)

MILLER, J. It may be assumed as entirely clear that the basis of assessment against the owners of shares of stock of the Albany National Exchange Bank was erroneous. These assessments were not made on the value of the shares of said stock, as required by law (S. L. 1866, chap. 761) but were made at the " par value," without regard to their real value in the market. The effect of such a valuation necessarily must be to make great inequality and, as the record in this case shows, to impose upon the shareholders, whom the plaintiff represents, a greater burden of taxation than that which would properly belong to them. But for an erroneous assessment, the assessors while acting in that capacity are not individually liable, and therefore there is no remedy by action against them, for the grievance complained of by the plaintiff. That class of public officials is charged with duties which require the exercise of judicial functions, and when they are called upon thus to act, they are protected from the consequences which may flow from any error they may commit. Surrounded as these officers are by great difficulties, in the discharge of their official duties, the law shields them when acting within their jurisdiction. In order to establish an individual liability, it must be made to appear against the assessors not only that the assessment was erroneous, but that such assessors had no jurisdiction whatever in laying the

tax. If they had jurisdiction, both of the person taxed and the subject matter, that is, the property assessed, then their acts partake of a judicial character, and however erroneous or unequal the tax may be, do not fix an individual liability upon them, at least when they act in good faith and without malice. It is conceded that they so acted here. If, on the contrary, there is an entire lack of jurisdiction, and they make the assessment without it, they are clearly liable. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y., 49; *Dorwin* v. *Strickland*, 57 id., 492; *Overing* v. *Foote*, 65 id., 263.)

The distinction between an erroneous and an illegal assessment is clearly stated in *Weaver* v. *Devendorf* (3 Den., 117), and in *National Bank of Chemung* v. *City of Elmira* (*supra*). The former case was an action by a clergyman for an alleged refusal to allow him the statutory exemption; it appeared that he had more property than the amount of the exemption, for which he was liable to be taxed. It was held that the assessors had jurisdiction to act, and were not liable for making the assessment too high, however erroneous their decision might have been. In *National Bank of Chemung* v. *City of Elmira* (*supra*), CHURCH, Ch. J., cites *Barhyte* v. *Shepherd* (35 N. Y., 238), and the case last cited, and commenting on the latter, says : " The plaintiff owned property to the amount of $2,500, and was assessed $1,050. The assessors had jurisdiction therefore to assess him for some amount, and whether they assessed him too high, in consequence of not allowing the exemption, or from an erroneous valuation of his property, was immaterial. In either case, their decision was conclusive within all the authorities, and the case was rightly decided." There is no question that the assessors did have jurisdiction of the person of the plaintiffs, and that they had jurisdiction to make some assessment on the shares of the plaintiffs, but the point urged against the validity of the assessment is, that they were taxed at a greater rate than was assessed upon other moneyed capital. Within the rule, as laid down by CHURCH, Ch. J.,

the assessment was not invalid, and although the principle adopted as the basis of the valuation and assessment of shares of bank stocks was erroneous, the defendants are not liable, in this action.   If we are right in the views expressed, it is not necessary to examine the various propositions urged by the plaintiff's counsel, to the effect that the defendants disregarded the restrictions imposed by law.

The plaintiff claims that the defendants violated the restrictive clause of the United States Statute (U. S. R. S., § 5219) which makes provision in regard to the mode of taxation of bank shares, and declares, "that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens," etc.   This clause was the subject of consideration in the case of *The People* v. *Commissioners* (4 Wall., 244, 256) ; and it was held, that " it required that no greater portion or percentage of tax on the valuation of the shares shall be levied than upon other moneyed taxable capital in the hands of the citizens."   See also *The People* v. *Dolan* (36 N. Y., 59).   As already stated, the error complained of was in placing a valuation upon the shares, and there is no pretence that the shareholders were assessed at a greater rate upon their shares, as valued, than upon other moneyed taxable capital.   For the reasons stated, the point last considered cannot be sustained.

It is claimed that the assessment in question was void and in violation of the laws of the United States, because it was done by a separate list applied to no other kind of property than bank stock.   There is no finding to the effect that this was done.   The assessment roll does not appear in the printed case, and it is not alleged in the complaint that the assessment was made upon a separate or special list, but on the contrary, it is alleged, in substance, that the assessment and tax were annexed to the stockholders' names, as assessed, on the regular assessment roll.   It may have been the case, and perhaps it may be assumed that the assessors, in making up the assessment roll, placed the value of the shares in a separate item in the column in which personal property is

placed. This, we think, would be a substantial compliance with the provision of the Federal statute, which declares that nothing in the act shall be construed to prevent shares of the stockholders of banks "from being included in the valuation of the personal property" of the owner (13 U. S. Stat. at Large, 111) and with the provision of the State statute requiring this to be done: *People* v. *Dolan* (36 New York, 59, 71). Of course, as to the stockholders who were non-residents of the ward, and the residue of whose personal property was not taxable therein, it could not be included.

All the questions raised as to the validity of the State statute (chap. 761, S. L. of 1866), authorizing the assessment of bank stock, for the purposes of taxation, have been already fully determined by the adjudications of the courts, as will be seen by a reference to the decisions. That this species of property may be separated from the person of the owner and a *situs* given it, for the purposes of taxation, in accordance with the banking act, is held in *Tappan* v. *Merchants' National Bank* (19 Wall., 490). That the State, under the banking act of the United States, may tax bank shares, irrespective of the fact that the capital of the bank is invested in United States securities, exempt from taxation, is also established law: *Van Allen* v. *The Assessors* (3 Wall., 573); *National Bank* v. *Commonwealth* (9 id., 353). That the assessment of this species of property is not subject to the allowance of debts of an individual, as a deduction from the valuation of his or her personal property, and that a refusal to allow such deduction, in the case of bank shares, does not violate the law of Congress, as to the rate of taxation, is decided in *The People* v. *Dolan* (36 N. Y., 59).

We think that the act of Congress was not intended to curtail the powers of the States on the subject of taxation, or to prohibit the exemption of this particular kind of property, but to protect capital invested in national banks, under its authority, from unfavorable and unjust discrimination by the State authorities, and from being taxed at a greater rate

than like property similarly situated.  (*Adams* v. *Nashville*, 95 U. S. [5 Otto], 19.)

The questions presented, as we have seen, are mainly covered by authority, and a further discussion of them is not required.  The subject of taxation is beset with complications and difficulties, and the wisdom of man has failed to devise a complete and perfect system, which would dispense equal and exact justice to all parties alike.  The most that can be expected of any system is to approximate as near as possible to absolute equality.  The application of the taxing power, under the act of Congress which authorized the establishment of national banks, required new rules and regulations in regard to the valuation of the species of property thereby created, and that the system of taxation should be adjusted, in reference to the same.  In the performance of the duties imposed upon the assessors, in making the assessments in this case, we are unable to discover that they have so far failed to follow the provisions of law or violated any principle thereby established, as to render them personally liable.

The judgment should be affirmed.

All concur.

Judgment affirmed.