[Crim. No. 1764.   Second Appellate District, Division One.—June 21, 1929.]

In the Matter of the Application of DAMON EDWARDS for a Writ of Habeas Corpus.

Ernest R. Utley and Lee Nuffer for Petitioner.

Everts, Ewing, Wild & Everts and Dan F. Conway for Respondent Alice Akers.

Glenn M. De Vore, District Attorney, for Respondent Oliver M. Akers.

HOUSER, J.—From the files herein it appears that in the month of September, 1926, under the provisions of the Juvenile Court Law (Stats. 1915, p. 1225, as variously amended), a petition was presented to the Superior Court in Imperial County, sitting as a juvenile court, pursuant to which Damon Edwards, a minor, was adjudged free from the custody and control of his parents. More than two years thereafter, while said minor was residing with petitioner herein in Imperial County, a petition was filed in the Superior Court in Fresno County, sitting as a juvenile court, by which it was sought to have it judicially declared that said Damon Edwards was a ward of the juvenile court. Notwithstanding the fact (as shown by the petition therein) that at the time the petition was filed in Fresno County the minor in question was neither a resident of nor within said county, a citation was issued and an order made by such court, under the purported authority of which the minor was taken from Im-

perial County to Fresno County, and on a hearing of the petition in the juvenile court of the latter county, temporary custody of the minor was awarded, not to the probation officer of said court, but to the then husband of the mother of the minor. Thereupon, on application to this court, a writ of *habeas corpus* was issued. Six days thereafter a second petition was filed in the juvenile court of Fresno County which, among other things, contained the allegation that said Damon Edwards "is now within and now residing within the county of Fresno"; and by which second petition the petitioner again sought to have said minor declared a ward of the juvenile court of Fresno County.

The question presented for determination by this court is whether, after the juvenile court of one county has acquired and retains jurisdiction of a minor, the juvenile court of another county may by its order seize the minor in the county first exercising jurisdiction over him, carry him into the second county and there, by virtue of the fact that he is *then* within said second county, acquire jurisdiction over him.

At the outset, it is conceded that, generally speaking, and without reference to the commission of criminal offenses by a minor, in order that the juvenile court of a given county have jurisdiction over a minor it is necessary either that the minor be or reside within such county (sec. 3, Juvenile Court Law, Stats. 1915, p. 1225); from which it follows that, since by the allegations of the first petition filed in the juvenile court of Fresno County it appears that at the time the petition was filed therein the minor was neither a resident of nor within the county of Fresno, the juvenile court of that county was without jurisdiction in the premises. But it is claimed that, even though the minor was unlawfully seized in the county of his residence and transported into another county and there detained in custody, by thereafter being "within" the county the juvenile court thereof might acquire jurisdiction over him; and it is further contended that because the second petition filed in the juvenile court of Fresno County contained the allegation that at the time of its filing the minor was "within" the county of Fresno, the fact of the actual residence of the minor is beyond inquiry by this court in this proceeding—which latter point might be disposed of by the fact that the second petition in Fresno County was not filed until after the instant pro-

ceeding was initiated. Moreover, the mere allegation in the second petition, without a finding of fact thereon by the court, should not be permitted to prevail as against admitted facts to the contrary.

In criminal cases, ordinarily it would seem to be the rule that, however irregular or improper may be the manner of bringing before a particular court one accused of an offense, jurisdiction of the person will attach. (*Ex parte Ah Men,* 77 Cal. 198 [11 Am. St. Rep. 263, 19 Pac. 380]; *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]; *Ex parte Clark,* 85 Cal. 203 [24 Pac. 726]; *People* v. *Pratt,* 78 Cal. 345 [20 Pac. 731].) On the other hand, the rule is equally well established that in civil cases jurisdiction cannot be obtained over the person of one who is forcibly brought within the territorial limits of the court. Nor are proceedings instituted under the provisions of the Juvenile Court Law of the kind of that involved herein of a criminal nature. (*People* v. *De Fehr,* 81 Cal. App. 562, 574 [254 Pac. 588]; *In re Daedler,* 194 Cal. 320 [228 Pac. 467]; *In re Tahbel,* 46 Cal. App. 755, 759 [189 Pac. 804]; *In re Brodie,* 33 Cal. App. 751 [166 Pac. 605].)

Considering the law as enunciated in the authorities hereinbefore cited, together with the fact that the order by which the minor was taken from Imperial County to Fresno County was based upon the first petition presented to the juvenile court of the latter county, in which concededly such juvenile court had no jurisdiction, and that the allegation in the second petition presented therein, to the effect that the minor was "within" and "residing within" Fresno County, was predicated solely upon a wrongful detention of said minor by virtue of an order of the juvenile court rendered in excess of its jurisdiction, it is clear that, without reference to other questions of law presented in behalf of and urged by petitioner herein, the minor should be restored by respondents to the jurisdiction of the juvenile court of Imperial County, and to the custody of petitioner Cornelia Stevens at El Centro, in said county; subject, however, to such further orders as may or shall be made by the said juvenile court of Imperial County. It is so ordered.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 17, 1929, and the following opinion then rendered therein:

THE COURT.—The petitions for rehearing are, and each of them is, dismissed.

There is no provision of law for rehearing in this court in *habeas corpus* cases, except in certain criminal cases, of which this is not one. (*In re Zany,* 164 Cal. 724 [130 Pac. 710] ; Pen. Code, sec. 1506.)