[Crim. No. 3279. In Bank.—January 28, 1930.]

In the Matter of the Application of DAMON EDWARDS for a Writ of Habeas Corpus.

C. L. Everts, Ewing & Everts, Dan F. Conway and C. M. Ozias for Petitioner.

Utley & Nuffer, Elmer W. Heald, District Attorney, and C. B. Smith, Deputy District Attorney, for Respondent.

CURTIS, J.—Petition for writ of *habeas corpus* was filed herein by Alice Akers, the mother of Damon Edwards, a minor child eight years of age. It is alleged therein that said minor is unlawfully detained and withheld from petitioner in the county of Imperial by the Juvenile Court of said county and by one Cornelia Stevens, a resident of said county, and that said Juvenile Court claims the right to the custody of said minor by virtue of certain proceedings had in said Juvenile Court. Petitioner has annexed to and made a part of her petition what is alleged to be "a true copy of the entire record, orders and proceedings of said juvenile court in the matter of said Damon Edwards upon and under which said claim of said juvenile court is based." It is further alleged that said Cornelia Stevens bases her claim to the care and custody of said minor under and by virtue of the orders in said Juvenile Court proceedings. Upon the filing of said petition this court granted a writ directed to the Juvenile Court of Imperial County and to the said Cornelia Stevens commanding them to produce the body of said minor before this court, together with the time and cause of his detention. The respondents, the Juvenile Court of Imperial County and said Cornelia Stevens, have each made separate returns to said writ. Neither of said respondents questions the record of the proceedings before the Juvenile Court of Imperial County as set forth in the petition herein. They show, however, that since the filing of said petition and since the issuance of said writ said Juvenile Court on September 11, 1929, made an order vacating and setting aside one of the orders of said Juvenile Court, a copy of which was made a part of said petition. The order which said Juvenile Court vacated and set aside was dated July 6, 1928, and purported to be an order declaring said minor free from the custody and control of his parents. It was vacated and set aside upon the application of the respondent Cornelia Stevens and upon the ground that it "was made by the court without proper service upon the parents of said minor child and without either of said parents having appeared personally in said action." In addition to vacating said order of July 6, 1928, said order of September 11, 1929, further provided: "It further appearing to the court that said minor child has no parent or

guardian actually exercising proper parental control, and that said child has been left in the care and custody of Mrs. Cornelia Stevens by the father of said child without any provision for his support, and good cause appearing therefor, it is further ordered, adjudged and decreed that said minor child, Damon Edwards, be and remain a ward of this court and be and remain in the care and custody of the said Cornelia Stevens, under the supervision and direction of E. D. Griffin, Probationer of the County of Imperial, State of California, pending the further order of this Court. And it is further ordered that a citation issue and be served upon the parents of said minor child as provided in sections 15-a to 15-e inclusive of the Juvenile Court Law directing them, the said parents, and each of them, and such other persons as may be interested in the custody and control of said child to appear in court and show cause, if any they have, why the said Damon Edwards should not be adjudged and declared to be free from the custody and control of his parents and deprive them, and each of them, of the right to the custody and control thereof, and show cause, if any they have, why said minor child should not be dealt with in other respects as provided in the Juvenile Court Law.''

The return of the respondents further relies upon the order and decision of the District Court of Appeal in a proceeding involving the jurisdiction of said Juvenile Court over the said minor. This proceeding is entitled *Ex parte Edwards,* and is reported in 99 Cal. App. 541 [278 Pac. 910]. Respondents, therefore, justify their detention of said minor by the proceedings had in said Juvenile Court and also by said order of the District Court of Appeal.

We will first consider the proceedings in the Juvenile Court of the county of Imperial. They are entitled ''In the matter of Damon Edwards, a person coming under the Juvenile Court Law.'' They were commenced by the filing of a petition by Cornelia Stevens, a copy of which, excepting the title and the verification, is as follows:

''The petition of Cornelia Stevens respectfully shows:

''That there is within the County of Imperial, State of California, a person named Damon Edwards, who has been abandoned by his father, Damon Barrett Edwards, the whereabouts of the mother of the child is unknown.

"That said Damon Edwards is under the age of twenty-one years, to-wit: of the age of five years, or thereabouts, his birthday being May 10, 1921.

"That said Damon Edwards is a person coming within the provisions of subdivision two, section one of that certain act of the legislature entitled": (Juvenile Court Law, Stats. 1915, p. 1225; Deering's Gen. Laws 1923, p. 1535.)

"That the facts bringing said person within the provisions of said act are as follows:

"This child has no parent willing to exercise proper parental control; has no parent actually exercising proper parental control and he is in need of such control. The child was abandoned at Calexico in the custody of Mrs. Cornelia Stevens on July 5th, 1925, and since that time the father has sent no money to pay for the child's care, nor made any provisions for the said child's keep.

"That the names and residences of the parents of said Damon Edwards are unknown.

"That the person or persons having the custody or control of said Damon Edwards is Mrs. Cornelia Stevens, Calexico, Cal. Box 1063 or call at 514 Second Street.

"Wherefore, your petitioner prays that this honorable court make an order adjudging and declaring said Damon Edwards to be a ward of the juvenile court, and deal with said person as provided in the act of the legislature above referred to.

"Dated: Sept. 13, 1926.

"CORNELIA STEVENS,<br>"Petitioner."

The court made no formal or written order upon the filing of this petition declaring said minor a ward of the court. The only action taken, so far as the record before us shows, was an order made on March 29, 1927, to the effect "that the support of this child be continued as provided for in the Juvenile Court Law." The next steps taken therein were those which led up to the order of July 6, 1928, purporting to declare said minor free from the custody and control of its parents. This order, as we have stated above, was set aside by the court by its order of September 11, 1929. Therefore, the only proceedings taken by the Juvenile Court in said matter were the filing of the original petition, a provisional order for the support of the minor,

and the order of September 11, 1929. The petitioner questions the right of said Juvenile Court to make said last-named order after the issuance of the writ in this proceeding and during the pendency of this proceeding. We think it unnecessary for us to pass upon this question. We will assume that the action of the Juvenile Court in proceeding during the pendency of these proceedings was regular and legal.

The order of September 11, 1929, in addition to vacating the order of July 6, 1928, made two directions. First, it adjudged said minor to be a ward of said court and placed him in the care and custody of Cornelia Stevens, and secondly, it directed a citation to be issued to his parents to show cause why he should not be declared free from their custody and control. Was this order sufficient to take said minor from the immediate custody of his parents? ██ In other words, is a mere adjudication by the Juvenile Court that a minor is a ward of the court sufficient to deprive the parents of the custody of a minor child? Section 9b of the Juvenile Court Law would appear to answer this question in the negative. This section reads as follows: "No ward of the juvenile court as defined in this act shall be taken from the custody of his parent or legal guardian, without the consent of such parent or guardian unless the court shall find such parent or guardian to be incapable of providing or to have failed or neglected to provide proper maintenance, training and education for said person; or unless said person has been tried on probation in said custody and failed to reform, or unless said person has been convicted of crime by a jury, or unless the court shall find that the welfare of said person requires that his custody be taken from said parent or guardian."

An examination of the orders of the Juvenile Court fails to disclose any finding of said court which brings said minor or his parents within the provisions of this section of the act. Without such a finding the court has no jurisdiction to take a minor who has been made a ward of the court from the custody of its parents. (*In re Daedler*, 194 Cal. 320, 331 [228 Pac. 467].) ██ It is not the policy of the Juvenile Court Law to relieve the parents of minors of the responsibility of caring for their minor children nor to deprive them of the right to their custody and control so long

as the parents are capable of discharging such responsibility or of exercising said right of care and custody. This policy is clearly enunciated in section 9b of the Juvenile Court Law, and its terms must be strictly complied with before a court can take one who has been made a ward of the court from the custody of its parents.

The only semblance of any finding conforming to the requirements of section 9b of said act is to be found in the order of September 11, 1929, in the form of a recital in the following words, "It further appearing to the court that said minor child has no parent or guardian actually exercising proper parental control over it and that such child is in need of such control." ■ Assuming that a statement in an order in the form of a recital is sufficient as a finding of the fact recited therein, still we think this so-called finding is insufficient to meet the requirements of section 9b of the act. The finding is that the minor has no parent or guardian actually exercising parental control over it and that said child is in need of such control.

Section 9b requires that the court shall find the parent or guardian incapable of providing or to have failed or neglected to provide proper maintenance, training and education of said person. That these statements are not the same or in any manner similar is strikingly illustrated by the facts in this proceeding as they appear from the record before us and those recited in the decision of the District Court of Appeal, *Ex parte Edwards, supra*. These facts show that at the time said order of September 11, 1929, was made and for months before, the petitioner, the mother of said minor, a child of only eight years of age, had been endeavoring to secure the care and custody of said minor, but had been prevented from so doing by the respondents. We are not now questioning the right nor the motives of respondents in resisting petitioner's claims. These facts, however, show the truth of the recital made by the court in its order of September 11, 1929, that is that petitioner had not exercised any parental control over her child and that the child was in need of it. On the other hand, these facts fail to show that petitioner was incapable of providing parental care for her child, or that she failed or neglected to provide such care for her child. They show that at the time of the making of said order, and for some months

before she had strenuously endeavored by legal means, and by means which were not at all times strictly legal, to gain control of her child that she might exercise parental control over him. ■ We are following the court in *In re Gutierrez*, 46 Cal. App. 94 [188 Pac. 1004], in holding that "proper parental control" and "proper maintenance, training and education" are so alike in their import as to mean practically the same thing. Yet we cannot hold that a finding that the child has no parent who is actually exercising proper parental control over it is equivalent to a finding that such parent was either incapable or that she failed or neglected to exercise such parental control.

■ It is further contended by respondents that by the filing by Cornelia Stevens of her petition therein, she has set forth, or at least attempted to set forth facts therein, sufficient to give to the Juvenile Court jurisdiction not only to adjudge said minor a ward of the court, but also to declare him free from the custody of his parents, and that the Juvenile Court by its said order has directed a citation to be issued to his parents preparatory to a hearing upon that portion of said petition which purports to show that said ward should be declared free from the custody and control of his parents. Undoubtedly the filing of said petition has the effect contended for by respondents. Upon the final hearing on such a petition the Juvenile Court may, if the evidence warrants such an order, declare a ward free from the custody and control of his parents. Upon the entry of such an order, the parents of said minor will have no right to exercise further custody and control over him. But in the meantime as the court has made no finding of the existence of any of the conditions mentioned in section 9b of said act, the parents of said ward are entitled to his custody. They hold said minor, however, subject to the jurisdiction of said Juvenile Court to determine finally the question as to whether he shall be declared free from their custody and control. In holding that the Juvenile Court has no right to withhold the custody of said minor from his parents under the facts in this case as recited above, we have not lost sight of the provisions of section 14 of said act which empowers the court, after the filing of a petition against a minor alleging that such minor comes within the provisions of section 1 of said act, to order said minor,

pending the hearing at any time before he is adjudged a ward, or otherwise disposed of, to be detained in a detention home or otherwise temporarily provided for. The provisions of this section evidently refer merely to the detention of the minor pending a hearing of the petition to have him declared a ward of the court. If on such hearing the court adjudges him to be a ward of the court, it may also with the consent of his parents or guardian, or without their consent upon making a finding of the existence of any of the conditions enumerated in section 9b, take said ward from the custody of his parents or guardian. Furthermore, should it thereafter be made to appear to the court that the best interests of the ward would be promoted by his parents being deprived of his custody and control, the court, under section 9b of said act, would be authorized upon proper notice to the parents to make such an order.

■ There is some intimation of counsel that the original petition of Cornelia Stevens does not state sufficient facts to support an order, if the court should hereafter decide after a hearing to make such an order, declaring said minor free from the custody and control of his parents. Evidently there is an attempted statement of facts which would confer jurisdiction upon the court, and even if the petition is subject to demurrer for an insufficient statement of facts, the question is not one which will be inquired into in *habeas corpus* proceedings. (*In re Gutierrez, supra; Matter of Ruef*, 150 Cal. 665 [89 Pac. 605].)

■ However, as there may be further proceedings in the Juvenile Court under said petition, we deem it only fair to all parties to here state that in our opinion said petition is not sufficient to support an order declaring said minor free from the custody and control of his parents. The only allegations of said petition which would tend to support such an order are as follows: "That there is within the county of Imperial, state of California, a person named Damon Edwards, who has been abandoned by his father Damon Barrett Edwards, the whereabouts of his mother is unknown." "The child was abandoned at Calexico in the custody of Mrs. Cornelia Stevens on July 5th, 1925, and since that time the father has sent no money to pay for the child's care nor made any provisions for the child's keep."

■ In order for a minor to be declared free from the custody of his parents on the ground of abandonment, said minor must be a person ''who has been left in the care and custody of another by his parent or parents without any provision for his support, or without communication from such parent or parents, for the period of one year with the intent to abandon said person. . . . '' (Sec. 15, subd. 1, Juvenile Court Law, Stats. 1915, p. 1236.) A comparison of the allegations of the petition with the requirements of this section will show that the petitioner failed to allege that there was no communication from the parents for a period of one year, or that the mother had failed to pay for the care of the child, or that she had made no provision for its keep, or that the mother herself had abandoned the child. If a communication had been received from either parent during the year, or if the mother had paid for his care or made provision for his keep, then in the sense used in the act he was not an abandoned child, and the court under those circumstances would have no right to declare him to be free from the custody and control of his parents. ■ Then again, a minor having two parents is not an abandoned child when he is abandoned by one only of said parents. It is true that section 15 of the Juvenile Court Law declares that the words, ''persons who should be declared free from the custody and control of his parents'' shall include any person, ''who has been left in the care and custody of another by his parent or parents without any provision for his support . . . for the period of one year with intent to abandon said person.'' ■ The use of the words, ''parent or parents'' in said section was intended to refer to cases where if the minor had but one parent the acts of such parent enumerated in the section would warrant the court in declaring said minor free from the custody and control of said parent. However, when the minor has both parents, each of these parents must either join in the acts of abandonment or the parent not joining therein must be shown either to have given said minor into the custody of the one committing said acts, or in some other manner to have expressly or impliedly consented to said acts, before the court could take from them, or at least from the innocent parent, the custody of said child. Otherwise a father might surreptitiously take from the mother their minor child and

leave him in some remote locality where the mother has no means of knowing and does not know of his whereabouts. Yet if such child is left by the father in the care of another under the conditions enumerated in section 15, said child becomes an abandoned child and the mother, without any fault on her part, has forever lost the control and custody of her own child. Surely the legislature could never have intended by the enactment of this section of the act to have created a situation which would lead to such dire results.

In these respects we think the petition lacking in those necessary allegations of facts essential to support an order declaring the minor to be free from the custody and control of his parents.

For the reasons above stated the proceedings in the Juvenile Court fail to show any legal or valid reason for the detention by respondents of said minor from the custody of the petitioner.

■■■ We come now to the consideration of the order of the District Court of Appeal made in *Ex parte Edwards, supra.* In that proceeding said court ordered that said minor ''be returned by respondents to the jurisdiction of the juvenile court of Imperial County and to the custody of petitioner, Cornelia Stevens, subject however to such further order as may or shall be made by the said juvenile court of Imperial County.'' Of course, this order did not confer upon the Juvenile Court of Imperial County any jurisdiction over said minor, nor did it purport to do so. The District Court of Appeal by said order simply held that under the facts then before it said Juvenile Court had jurisdiction over said minor and that said minor was then in the legal custody of Cornelia Stevens. In other words, it conferred no new nor additional jurisdiction upon the Juvenile Court, but simply confirmed that which the court already possessed. The most that can be claimed for said order of the District Court of Appeal is that it determined the right between the parties then before it to the custody of said minor. So long as the facts and conditions remained the same as they were when the hearing was had and the order was made, said order is binding upon said parties. (*Ex parte Bruegger,* 204 Cal. 169 [267 Pac. 101].) However, the District Court of Appeal had before it the order of

July 6, 1928, which purported to adjudge said Damon Edwards free from the custody and control of his parents. It was undoubtedly largely if not wholly due to the fact that the Juvenile Court had made said order that the District Court of Appeal decided that the mother of said minor had no right to the custody of said minor. Since said decision, as we have seen, this order of July 6, 1928, has been vacated and set aside by the respondent court at the request and with the consent of the respondent Cornelia Stevens and this order is no part of the record now before us. There is, therefore, a different state of facts before this court than was presented to the District Court of Appeal. Under these circumstances it cannot be said that the decision and order of the District Court of Appeal is *res judicata* or conclusive of the rights of the parties to the present proceeding.

The present proceeding must, therefore, be decided upon the record now before us without reference to the previous order or judgment of the District Court of Appeal. This record, as we have before stated, shows no valid reason for the detention or withholding from the petitioner of the custody of said minor.

It is therefore ordered that the respondents herein restore said Damon Edwards to the petitioner herein, the said Alice Akers, to be held by her subject to the final determination by the Juvenile Court of the county of Imperial of the proceeding instituted therein for the purpose of declaring said child to be free from the custody and control of its parents.

Richards, J., Seawell, J., Shenk, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.