[Civ. No. 6975. Second Appellate District, Division Two.—November 2, 1931.]

HARRY W. JAMESON, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Jesse W. Carter for Appellants.

Schweitzer & Hutton for Respondent.

CRAIG, Acting P. J.—The defendants and appellants here, respondents in a *certiorari* proceeding in the Superior Court of Los Angeles County, appealed from a judgment rendered therein annulling a judgment of said board which suspended the license of the petitioner to practice dentistry in this state.

Omitting formal parts of the accusation, it was charged that respondent used in his practice "a name other than the name under which he is licensed to practice dentistry . . . and whereby he did indicate and does now indicate that he is practicing dentistry under such name . . . " A citation was issued and served pursuant to the statutory requirement that "said verified accusation has been presented to this board for its consideration, which this board deems sufficient", and after plea of not guilty and the introduction of evidence, said board rendered its findings and judgment suspending the license in question.

The appellants' first contention is that the act of the dental board in passing upon the sufficiency of the accusation was purely ministerial and that its decision was conclusive and not subject to review in a *certiorari* proceeding. ▮ It has been decided that while such bodies do not exercise "the judicial powers of the state" as the phrase is used in conferring judicial power upon the courts, that they exercise a *quasi*-judicial power in adjudicating valuable property rights of qualified members to practice their professions, and that their action is subject to revision by way of *certiorari*. (*Lanterman* v. *Anderson,* 36 Cal. App. 472 [172 Pac. 625]; *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965].) And in other jurisdictions it has also been held that "where the act to be done involves the *exercise of discretion or judgment in determining whether the duty exists it is not to be deemed merely ministerial*". (Italics ours.) (*Burnham* v. *Terrell,* 97 Tex. 309 [78 S. W. 500]. To the same effect are *Weaver* v. *Devendorf,* 3 Denio (N. Y.), 117; *Fausler* v. *Parsons,* 6 W. Va. 486 [20 Am. Rep. 431]; *Williams* v. *Weaver,* 75 N. Y. 30; *Chrisman* v. *Bruce,* 1 Duv. 63 [85 Am. Dec. 603]; *Burton* v. *Fulton,* 49 Pa. 151; *Elmore* v. *Overton,* 104 Ind. 548 [54 Am. Rep. 343, 4 N. E. 197]; 2 Freeman on Judgments, 4th ed., sec. 531.) ▮ We must therefore hold that the dental board exercised *quasi*-judicial functions in determining that the citation was legally issued and executed and that jurisdiction of the person and the subject matter had been acquired.

On the other hand, it was contended by respondent in the superior court, and is here insisted, that the Board of Dental Examiners held said hearing and entered judgment purporting to suspend his license without first having acquired legal jurisdiction, and that its proceedings were void and ineffectual. Section 13, subdivision 3, of the statutes governing the procedure of dental boards (Stats. 1915, p. 698, chap. 426) as amended (Stats. 1929, p. 1946, sec. 7), provides that:

"Any dentist may have his license revoked or suspended by the board of dental examiners for any of the following cases: . . .

"(3) For unprofessional conduct or for gross ignorance or inefficiency in his profession. Unprofessional conduct is hereby defined to be: . . . the use of any false, assumed

or fictitious name, either as an individual, firm, corporation or otherwise or any name other than the name under which he is licensed. . . . ''

Section 14 of said act (Stats. 1921, p. 233, chap. 206), as amended, requires that: ''The proceedings to revoke or suspend any license under the third subdivision of section thirteen must be taken upon the information of another. All accusations must be in writing, verified by some party familiar with the facts therein charged, and three copies thereof must be filed with the secretary of the board. Upon receiving the accusation the board shall, if it deem the complaint sufficient, make an order setting the same for hearing, at a specified time and place, and the secretary shall cause a copy of the order and of the accusation to be served upon the accused at least ten days before the day appointed in the order for said hearing. . . . ''

As heretofore observed, the record discloses that respondent was accused by a verified charge, which appears to have been presented to the board for consideration, was cited to appear, and was tried, at a specified time and place, in accordance with the foregoing statutory procedure. There is no scintilla of even pretended showing in the record before us that the board failed to comply with the jurisdictional mandates of the statute specifying its duties in such cases.

The sole basis of argument in support of the judgment here attacked consists merely of the assertion that the jurisdiction of such boards may not in the absence of proof thereof be presumed to have been acquired. This hypothesis, though true in the abstract, ignores the *prima facie* showing made, in this case. To say as a matter of law that the board acted without jurisdiction would amount to holding that the superior court might, despite uncontradicted documentary evidence of regularity, entertain a converse presumption that it was not acquired. We are not authorized to consider other arguments, upon matters *dehors* the record, and since it constitutes the only ground upon which the judgment below is sought to be sustained, we must in the absence of such presumption conclude that the judgment is without foundation. All intendments are in favor of the accused (*Messner* v. *Board of Dental Examiners*, 87. Cal. App. 199 [262 Pac. 58]), but the order of a board will be sustained when there is competent evidence sufficient to support it and

to fulfill jurisdictional requirements. (*Young* v. *Board of Medical Examiners*, 93 Cal. App. 73 [268 Pac. 1089].) We are aware of no presumption which overcomes undisputed evidence of jurisdiction, as claimed by the argument advanced by the respondent.

The judgment from which the appeal is taken is reversed.

Thompson (Ira F.), J., concurred.

FRICKE, J., *pro tem.*, Concurring.—I concur. The jurisdiction here attacked is not that of subject matter, for the dental board clearly has legal authority to suspend or revoke a license to practice dentistry, but the attack is made that there was no jurisdiction of the person of respondent by reason of the failure of the board to make certain orders after the filing of the accusation. While respondent refers to the point as one of first impression in the appellate courts it is not new in principle. In this case respondent demurred to the accusation and, after the demurrer was overruled, interposed an answer denying all of the allegations of the accusation and then went to a hearing on the merits. While it is true that jurisdiction of the person in civil cases is not acquired where the party is forcibly brought into court against his will (*In re Edwards*, 99 Cal. App. 541 [278 Pac. 910, 290 Pac. 591], distinguishing the rule in civil and criminal cases), it is also true that he who answers a complaint in a civil action thereby puts in a general appearance (sec. 1014, Code Civ. Proc.) and that the voluntary appearance of a defendant is equivalent to personal service of the summons and complaint upon him. (Code Civ. Proc., secs. 406, 416.) Further, one who voluntarily appears as a party to a proceeding, wherein the law requires that a specified notice shall be given, thereby waives the defect or omission, of such notice (*In re Yoell*, 131 Cal. 581 [63 Pac. 913]; *Jones* v. *Lowe*, 9 Cal. 68); and a defendant by answering and going to trial on the merits thereby makes a general appearance and submits himself to the jurisdiction of the court even though he previously had entered a special appearance for the purpose of making a motion to set aside the service of the summons. (*Remsberg* v. *Hackney Mfg. Co.*, 174 Cal. 799 [164 Pac. 792].) By clear analogy the respondent by voluntarily appearing before the Board of

Dental Examiners by answering and going to a hearing on the merits thereby waived any right which he might have had to insist that jurisdiction of his person had not been obtained.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 2, 1931.