[Civ. No. 6976. Second Appellate District, Division Two.—November 2, 1931.]

HARRY W. JAMESON, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Jesse W. Carter for Appellants.

Schweitzer & Hutton for Respondent.

CRAIG, Acting P. J.—The defendants and appellants here, respondents in a *certiorari* proceeding in the Superior Court of Los Angeles County, appealed from a judgment rendered

therein annulling a judgment of said board which suspended the license of the petitioner to practice dentistry in this state.

Concisely stated, the respondent was charged before said board with unprofessional conduct, in that on various dates he knowingly and wilfully permitted certain named unlicensed persons to have the use of his dental office and to use certain dental instruments and paraphernalia therein contained, for the purpose of practicing dentistry therein, and that he aided and abetted said unlicensed persons in so practicing, contrary to the provisions of the dental law of this state. A citation was issued and served pursuant to the statutory requirement that a verified accusation had been presented to the board for its consideration, which the board deemed sufficient; respondent entered a plea of not guilty and after the introduction of evidence said board rendered its findings and judgment aforesaid.

It is contended that the act of the board in passing upon the sufficiency of the citation was purely ministerial and that its decision was conclusive and not subject to review in a *certiorari* proceeding.

The record in these respects is not essentially dissimilar to that presented in *Jameson* v. *Board of Dental Examiners,* numbered 6975 (*ante,* p. 105 [5 Pac. (2d) 47]), wherein we discussed the foregoing questions of jurisdiction. We therefore hold in the instant case that the Board of Dental Examiners had jurisdiction of the proceedings, and that the superior court was empowered to review the same. But owing to a showing before the court below of jurisdiction in said board, the judgment vacating its proceedings without any evidence to the contrary was unsupported when rendered upon that ground alone.

The judgment from which the appeal is taken is reversed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.,* concurred.

A petition for rehearing of this cause was denied by the District Court of Appeal on December 2, 1931.