[Civ. No. 4959. Fourth Dist. June 9, 1955.]

In re TOMMY LEWIS WILLIAMS, a Minor. ROY F. LEWIS et al., Appellants, v. JUNE WILLIAMS, Respondent.

T. R. Claflin for Appellants.

Morris B. Chain for Respondent.

MUSSELL, J.—On May 29, 1953, Roy F. and M. Viola Lewis filed a petition in the juvenile court of Kern County to have the child here involved declared free from the custody and control of his parents. A citation was issued requiring the parents to show cause why the child should not be declared free from their custody. The citation was published and personally served on the mother. A hearing was had on the order to show cause following which, on March 3, 1954, the court entered its order denying the petition on the ground that there was insufficient evidence of clear intent on the part of the mother to abandon said minor. Petitioners appeal, contending that the court failed to take into account subdivision (b) of section 701 of the Welfare and Institutions Code and that it made no order on the issue of the abandonment by the father.

June May Harmon, aged 17 years, married Dudley Gabriel Williams, a native of South Africa, on April 28, 1948, and Tommy Lewis Williams, the child here involved, was born in Ocean Beach, California, on June 18, 1949. His father was taken into custody by the immigration officers and deported to South Africa some time in September, 1950. He has not returned to the United States and his residence is unknown.

On June 30, 1951, the mother, June May Williams, left the child with Mrs. Mary Russell, a friend of the family, while she went to Oakland, California, to seek employment. She gave Mrs. Russell $40 to take care of the baby until she could get a job. At the hearing herein on the order to show cause she testified that she worked two weeks in Oakland as a waitress and then returned to Bakersfield on the advice of her brother that he would help her get a place for the child; that when she called for the boy, Mrs. Russell told her that the county welfare department had taken him and that she could never get him back, that she was an unfit mother and would never get the baby back again. She testified further that about a week later she went to Atlanta, Georgia, where she stayed about four months; that while in Atlanta she

was arrested for the theft of a ring and spent some time in jail; that she then went to Arkansas to live with her aunt and uncle on a farm, stayed there six or seven months and then came back to California; that before she returned to California she tried to get her baby back but the welfare department would not let her have him; that when she returned to California she visited the child two or three times a month in the home of petitioners, Roy and Viola Lewis, until December, 1952, when they moved from Kern County to Burbank, California; that she did not see her child again until August, 1953; that during her visits to the Lewis home, where the child had been placed by the welfare department, she discussed paying for his care and was informed by Mr. and Mrs. Lewis that they did not need her money; that she obtained a divorce from the father of the child, married one Jack Brasher in June, 1953, and at the time of the hearing herein she and her husband were living with her father.

There was evidence that the child was made a ward of the court in September, 1951, on the report and recommendation of the probation department that the child was in need of control and that there was then no parent or guardian exercising control over him.

Appellants' first contention is that the court failed to take into account subdivision (b) of section 701 of the Welfare and Institutions Code. Section 701 of said code, subdivisions (a) and (b), reads as follows:

"(a) [*Minor left in another's custody.*] Who has been left by either or both of his parents in the care and custody of another without any provision for his support, or without communication from either or both of his parents, for the period of one year with the intent on the part of such parent or parents to abandon such person. Such failure to provide, or such failure to communicate for the period of one year, shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him.

"(b) *Who has been cruelly treated or neglected* by either or both of his parents, if such person has been a ward of the juvenile court, and such parent or parents deprived of his custody because of such cruel treatment or neglect, for the period of one year continuously immediately prior to the filing of a petition praying that he be declared free from the custody and control of such cruel or neglectful parent or parents."

In *In re Sanders*, 88 Cal.App.2d 251, 254 [198 P.2d 523], this court held, in considering subdivision (a) of said section, that while said section provides that a failure to provide or failure to communicate for the period of one year, as provided in said section, is presumptive evidence of an attempt to abandon, this presumption may be overcome by opposing evidence and the question of whether an intent to abandon has existed for a period of one year is a question of fact for the trial court. ■ In the instant case there was substantial evidence to support the trial court's determination that the evidence was insufficient to show a clear intent on the part of the mother of said child to abandon him, and its determination cannot be disturbed on appeal. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].)

Appellants' argument that the court failed to take into account subdivision (b) of said section is without merit. The report of the probation officer indicates that the child was made a ward of the court on the filing of a petition under subdivision (b) of said section. However, there is substantial evidence to the effect that the mother was unable financially or otherwise to care for her child during part of the time involved and that her request to obtain possession of the child was denied by the welfare department.

■ The contention of appellants that the court erred in not making an order on the issue of abandonment by the father is likewise without merit. It was held in *In re Edwards*, 208 Cal. 725, 735 [284 P. 916], that a minor having two parents is not an abandoned child when he is abandoned by one only of said parents.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.